# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHADERICK A. INGRAM,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 12-cv-1932 NC<br>Case No. 12-cv-1934 NC<br><br>**ORDER DISMISSING COMPLAINTS FOR FAILURE TO STATE A CLAIM; DENYING REQUESTS TO PROCEED IN FORMA PAUPERIS; DENYING REQUESTS FOR APPOINTMENT OF COUNSEL; DENYING APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM** |
| TERRIE ANNE WINGO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>Defendants. | |

Pro se plaintiffs Chaderick Ingram and Terrie Wingo bring these actions against the City of San Francisco and the San Francisco Police Department under 42 U.S.C. § 1983 for alleged violations of their civil rights. All parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c).

The Court has before it a number of motions including the City's motions to dismiss plaintiffs' first amended complaints under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; the City's motions to dismiss plaintiffs' second amended complaints under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim; Ingram's application for appointment of Wingo as guardian ad litem; and plaintiffs' requests for appointment of counsel. For the sake of judicial economy, the Court addresses the claims contained in both complaints at this time, based on the motions before it and the Court's discretion to review in forma pauperis complaints under 28 U.S.C. § 1915(e)(2).

Finding that plaintiffs' complaints (i) fail to state a claim upon which relief can be granted and (ii) are frivolous, the Court DISMISSES the complaints under 28 U.S.C. § 1915(e)(2)(B). Because the Court finds the asserted claims to be frivolous, the Court DENIES plaintiffs' requests for appointment of counsel. Finally, as Wingo is not an attorney nor is she represented by an attorney, the Court DENIES Ingram's request for appointment of Wingo as guardian ad litem.

## I. BACKGROUND

**A. Factual Allegations Asserted in the Complaints**

Pro se plaintiffs Ingram and Wingo allege that they were arrested on August 29, 2011. *See* Ingram Second Amended Complaint ("Ingram SAC") at 4-5, Case No. 12-cv-1934, Dkt. No. 11; *see also* Wingo Second Amended Complaint ("Wingo SAC") at 2, Case No. 12-cv-1932, Dkt. No. 13. Plaintiffs' complaints are nearly identical except that Ingram alleges he was in the backseat of a car "minding his own business" when police officers arrested him for "no reason on charges that were later dismissed." *See* Ingram SAC at 4-5. Wingo alleges that she was in the back seat of a car when an "accident happened," that the police "automatically assum[ed] that she was on probation or parole while searching plaintiff[']s purse," that police officers approached Wingo with their guns drawn, arrested her for no reason, handcuffed her roughly, and incarcerated her "for two days for no reason on Geary Street." Wingo SAC at 2-3.

Plaintiffs both assert that defendants acted in violation of plaintiffs' civil rights by defaming plaintiffs; using excessive force; unreasonably searching plaintiffs; using excessive harassment to detain plaintiffs; unlawfully arresting plaintiffs; falsely imprisoning plaintiffs; and violating plaintiffs' right to assemble. Ingram SAC at 6-8;

Wingo SAC at 4-9.

Plaintiffs each seek a monetary judgment against defendants–Ingram in the amount of $99,900,000,000,000,000,000,000 and Wingo in the amount of $514,000,000,000,000,000,000. *See* Ingram SAC at 10; Wingo SAC at 10.

**B. Procedural History**

Ingram and Wingo commenced these 42 U.S.C. § 1983 actions in state court. Def.'s Mot. Dismiss SAC at 2, Dkt. No. 13. The City removed these actions to federal court on April 19, 2012. *See* Not. Removal, Dkt. No. 1. The Court then ordered the cases related. *See* Order Relating Case, Case No. 12-cv-1934, Dkt. No. 5

On April 26, 2012, the City moved to dismiss plaintiffs' first amended complaints under Rule 12(b)(6) for failure to state a claim. *See* Def.'s Mot. Dismiss FAC, Case No. 12-cv-1934, Dkt. No. 6; Def.'s Mot. Dismiss FAC, Case No. 8. In response, plaintiffs filed second amended complaints, which are essentially duplicative of their first amended complaints. *See* Ingram SAC; *see also* Wingo SAC. The only substantive differences include that (i) both plaintiffs assert that they have been granted leave to proceed in forma pauperis ("IFP");[1] (ii) Ingram now asserts that, due to his mental disability, he is unable to represent himself; and (iii) Ingram increases his monetary demand from $900 quadrillion to $99.9 sextillion. *See id.*

On May 31, 2012, Ingram filed an application for appointment of guardian ad litem requesting the Court name Terrie Wingo as his guadrian ad litem to represent his interests as he is "incompetent." Appl. Appt. Guard. Ad Litem, Case No. 12-cv-01934, Dkt. No. 17.

//

---

[1] Plaintiffs both state that they "proceed[] in forma pauperis as order fee waiver being granted shows on record." Ingram SAC at 1; Wingo SAC at 1. Neither Ingram nor Wingo, however, have filed applications to proceed in forma pauperis, and the Court has not granted any fee waiver in these cases.

Case Nos. 12-cv-1932 NC; 12-cv-1934 NC
ORDER DISMISSING CASES            3

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of frees or security thereof."  28 U.S.C. § 1915(a)(1).  "Any person wishing the Court to authorize prosecution or defense of the action without payment of fees or security, pursuant to 28 United States Code § 1915, must submit . . . an Ex Parte Motion to Proceed In Forma Pauperis, pursuant to Civil L.R. 7-11."  Civil L.R. 3-10(a).

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(a).  In order to properly state a claim for relief, a complaint must contain more than "labels and conclusions"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e) (stating that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.").

## III.  DISCUSSION

**A.  Motions to Proceed IFP**

When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" under 28 U.S.C. § 1915(e)(2).  *Franklin*, 745 F.2d at 1226 n.5.

Here, plaintiffs each include a sentence in their complaints indicating that

Case Nos. 12-cv-1932 NC; 12-cv-1934 NC
ORDER DISMISSING CASES          4

"Plaintiff can[']t afford an attorney as order fee waiver being granted shows on record." Ingram SAC at 1; Wingo SAC at 1. The Court has never received an application from Ingram or Wingo to proceed IFP, and plaintiffs have both failed to submit an affidavit which includes a statement of assets as required by § 1915(a). *See* 28 U.S.C. § 1915(a); *see also* Civil L.R. 3-10(a). Accordingly, the Court finds that plaintiffs do not meet the 28 U.S.C. § 1915(a) requirements and DENIES plaintiffs' requests to proceed IFP.

**B. Plaintiffs' Claims Are Dismissed under 28 U.S.C. § 1915(e)(2).**

The IFP statute provides that a district court shall dismiss a case if at any time the court determines the action (1) fails to state a claim on which relief may be granted or (2) is frivolous. 28 U.S.C. § 1915(e)(2).

**1. Plaintiffs Fail to Assert Claims Upon Which Relief Can be Granted.**

Under 28 U.S.C. § 1915(e)(2), a court may dismiss the case at any time if it determines the plaintiff failed to state a claim on which relief may be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *See Denton*, 504 U.S. at 32. A court will deny any motion that fails to present a legal and factual basis. *Id.* In addition, the court need not accept as true factual allegations in IFP complaints. *Id.* (court may reject allegations that are "completely baseless" which the court finds "fanciful," "fantastic" or "delusional.").

Here, plaintiffs' complaints fail to state facts against each defendant who allegedly violated their rights. *See* Ingram SAC; *see also* Wingo SAC. In their complaints, plaintiffs allege, among other things, that defendants "willingly, knowingly, wrongfully, and unlawfully harassed plaintiff, through the use of defamation of character while using excessive force, not securing his rights depriving his privileges." Ingram SAC at 3. Plaintiffs also contend that defendants "showed no remorse for plaintiff and witness', which is unlawfully wrong due to the fact that plaintiff is not now on probation nor parole." *Id.* Plaintiffs' complaints lack sufficient factual allegations to state any cognizable claim on which relief can be granted. Accordingly, the Court DISMISSES the

Case Nos. 12-cv-1932 NC; 12-cv-1934 NC
ORDER DISMISSING CASES             5

plaintiffs' complaints for failure to state a claim under 28 U.S.C. § 1915(e)(2).

### 2. Plaintiffs' Claims Are Also Frivolous.

An action is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The determination of whether a claim is frivolous is within the sound discretion of the district court. *Denton*, 504 U.S. at 34 ("[T]he [IFP] statute's instruction that an action may be dismissed if the court is 'satisfied' that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition.").

Here, Ingram and Wingo seek relief from defendants for an alleged wrongful arrest. Ingram SAC at 3; Wingo SAC at 2. Plaintiffs' vague allegations that defendants forced plaintiffs to be quiet, harassed, engaged in excessive force, falsely imprisoned, and falsely arrested plaintiffs fail to allege specific constitutional or civil rights violations. Ingram seeks $99,900,000,000,000,000,000,000 in damages and Wingo seeks $514,000,000,000,000,000,000 in damages. Ingram SAC at 10; Wingo SAC at 10. The Court finds plaintiff's amended complaints frivolous as they lacks any basis either in law or in fact, and their monetary demand crosses the line into frivolous litigation. *See Denton,* 504 U.S. at 33 (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.").

### C. Plaintiffs' Requests for Appointment of Counsel Are Denied.

As a general matter, there is no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in civil cases is "a privilege and not a right"). Under 28 U.S.C. § 1915(e)(1), however, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (district court has discretion to designate counsel to represent an indigent civil litigant). But the Court may do so only where "exceptional circumstances" exist. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional circumstances are present, the

Court must consider a plaintiff's likelihood of success on the merits and the "complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103.

Here, although plaintiffs may have found it difficult to articulate their claims pro se, plaintiffs have neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved is sufficient to require designation of counsel. *See Agyeman*, 390 F.3d at 1103. Accordingly, the Court DENIES plaintiffs' requests for appointment of counsel.

**D. Ingram's Application for Appointment of Wingo as his Guardian is Denied.**

Ingram states in the operative complaint that he is a "documented mentally disabled recipient" and reiterates in his application for appointment of guardian ad litem that "plaintiff is incompetent." SAC at 1; Appl. Appt. Guard. Ad Litem. As a mentally incompetent litigant, Ingram is unable to proceed on his own behalf. Fed. R. Civ. Proc. 17(c). Ingram may proceed only after appointment of a guardian ad litem. *Id.* While persons deemed incompetent litigants may have potentially meritorious claims and therefore warrant the appointment of a guardian ad litem under Rule 17(c), after review of Ingram's rambling and incoherent complaint, the Court finds the asserted claims to be frivolous and not worthy of appointment of guardian ad litem. Moreover, Ingram's application for appointment of Wingo as his guardian ad litem also fails as an individual cannot bring an action on behalf of an incompetent litigant without first retaining an attorney herself. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (minors must be represented by attorney); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10 Cir. 1986) ("[I]t is not in the interest of minors or incopetents that they be represented by non-attorneys."). As Wingo is unrepresented by counsel, Ingram's request for appointment of Wingo as guardian ad litem is DENIED.

//

## IV.  CONCLUSION

Because plaintiffs' complaints are frivolous, devoid of factual support, and fail to state a claim upon which relief can be granted, they must be dismissed under 28 U.S.C. § 1915(e)(2)(B).  As further amendment would be futile, the complaints are DISMISSED with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiffs' request to proceed in forma pauperis are DENIED.  Ingram's request for appointment of Wingo as his guardian ad litem is DENIED.  Plaintiffs' requests for appointment of counsel are also DENIED.  The motion to dismiss hearings scheduled for July 11, 2012 are hereby VACATED.

IT IS SO ORDERED.

DATED: June 5, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge